IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MELVIN EDWARD JEFFERSON,**

                Petitioner,

    v.

**DEWAYNE HENDRICKS,**

                Respondent.

Case No. 3:21-cv-00959-HL

OPINION AND ORDER

**MOSMAN, J.,**

On February 1, 2022, Magistrate Judge Andrew Hallman issued his Findings and Recommendation ("F&R") [ECF 20], recommending that I deny Petitioner Melvin Edward Jefferson's Amended Petition for Writ of Habeas Corpus [ECF 4] and decline to issue a certificate of appealability. Jefferson filed objections to the F&R on February 16, 2022, [ECF 22]. Upon review, I agree with Judge Hallman. I deny the petition and decline to issue a certificate of appealability.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court

1 – OPINION & ORDER

is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Jefferson objects to Judge Hallman's refusal to overturn *United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020). Objs. to F&R [ECF 22] at 1. In *Dominguez*, the Ninth Circuit held that Hobbs Act robbery is a crime of violence. *Id.* at 1261. After *Dominguez* was decided, the Supreme Court ruled in *Borden v. United States*, 141 S. Ct. 1817, 1834 (2021) that a crime that may be committed with only reckless intent is not a crime of violence. Jefferson contends that Hobbs Act robbery may be committed with reckless intent and that *Borden* therefore abrogated *Dominguez*. Objs. to F&R [ECF 22] at 1. But *Dominguez* explicitly considered the intent required to commit Hobbs Act robbery. 954 F.3d at 1261. It recognized that the Ninth Circuit has long held that "'criminal intent—acting 'knowingly or willingly'—is an implied and necessary element that the government must prove for a Hobbs Act conviction.'" *Id.* (quoting *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999)). Thus, *Dominguez* remains good law.

//

//

## CONCLUSION

Upon review, I agree with Judge Hallman's recommendation.  I ADOPT the F&R [ECF 20] as my own opinion. I DENY Jefferson's Amended Petition for Writ of Habeas Corpus [ECF

4]. I decline to issue a certificate of appealability for failure to make a substantial showing of the

denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

        IT IS SO ORDERED.

        DATED this _____ day of March, 2022.

                                          MICHAEL W. MOSMAN
                                          Senior United States District Judge

3 – OPINION & ORDER